Dear Ms. Core:
This office is in receipt of your request for an opinion of the Attorney General in regard to verification of ownership and assessed valuation of property being used for bail bond purposes. You ask whether you should continue issuing these verifications and seek advice in adding a disclaimer to the document to protect against any legal exposure.
The enclosed document gives the name and address of the individual as listed on the tax roll of the specified year with the described property, and then shows "TOTAL ASSESSED VALUATION -" followed by a designated amount, and signed by the Assessor or Deputy Assessor.
There are two types of personal sureties, unsecured and secured. In accordance with C.Cr.P. Art. 319, prior to release on a secured personal surety bond, "the personal surety shall present to the court a duly and properly recorded proof of a security-interest in immovable property in favor of the State or political subdivision." Under C.Cr.P. Art. 321 a personal surety shall execute an affidavit that he possesses the sufficiency and qualifications presented by Article 315, that he is not disqualified from becoming a surety by Article 320, and lists the number and amount of undischarged bail bonds, if any, he has entered into. Article 321 further provides, "The officer accepting the bail may require the surety to state in his affidavit the nature and value of his property, not exempt from execution and the amount of his liabilities. An officer authorized to accept the bail shall have the authority to administer any affidavit required of the person signing a bail bond."
We find no mandate that the assessor issue the verification or any prohibition against the issuance. From the statutory provisions it is the surety who must present proof of a security interest in immovable property and the officer accepting the bail may require the surety to state in an affidavit the nature and value of his property and amount of his liabilities. Therefore, we find no responsibility on your part as assessor but believe the burden is upon the surety to meet the requirements of the officer. Moreover, the verification you supply is nothing more than is available as a public record, so we cannot see how there could be any legal exposure or a need for any disclaimer.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR